THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KRISTIN HAFOKA, individually and on behalf of all others similarly situated, et al.<br><br>Plaintiffs,<br>v.<br><br>HEALTHEQUITY, INC., FURTHER OPERATIONS, LLC and WAGEWORKS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-00528-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiffs' Motion for Discovery.[1] Plaintiffs move the court for leave to serve limited discovery in connection with Defendants' Motion to Compel Arbitration. The question before the court is whether to allow this discovery, or, based on the delegation clause as asserted by Defendants, leave such discovery for the arbitrator presuming the matter is sent to arbitration. As set forth herein, the undersigned finds based on relevant authority that discovery should be allowed in this instance.

## BACKGROUND

This case is a putative class action for a data breach. Plaintiffs are consumers who had their personally identifiable information, and or protected health information, compromised in a large data breach. Defendants administer health saving accounts, and work with various clients through "HSA, FSA, HRA, COBRA, Direct bill, commuter, fitness, and education

---

[1] ECF No. 61.

reimbursement programs."[2] Plaintiffs allege Defendants' security failures allowed the targeted cyberattack to compromise their network exposing their protected information.

Defendant has moved to compel arbitration. Plaintiffs seek discovery related to Defendant's Motion. Specifically, information regarding "contract formation, notice of the arbitration provision, and the purported facts Defendants have set forth to support their Motion to Compel."[3]

## DISCUSSION

The Supreme Court has "long recognized and enforced a 'liberal federal policy favoring arbitration agreements.'"[4] Yet, whether a party agreed to arbitration is a contract issue. This means arbitration clauses are only valid if the parties intended to arbitrate.[5] When "no material disputes of fact exist"[6] between the parties regarding whether the parties agreed to arbitration, then a district court, while viewing the facts most favorable to the non-moving party, can decide as a matter of law whether the parties agreed to arbitrate.[7] In these cases, the decision can look a lot like summary judgment. But when material disputes of fact exist on the question whether the parties agreed to arbitrate, the Federal Arbitration Act (Act) requires a summary trial to resolve those disputes.[8] However, "round after round of discovery and motions practice isn't the answer. Parties should not have to endure years of waiting and exhaust legions of photocopiers in discovery and motions practice merely to learn where their dispute will be heard. The Act

---

[2] Complaint at 3, ECF No. 2.

[3] Motion at 2.

[4] *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

[5] *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)

[6] *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978, 2014 WL 1363963 (10th Cir. 2014).

[7] *See id.*

[8] *See id.*

requires courts process the venue question quickly so the parties can get on with the merits of their dispute in the right forum. It calls for a summary trial—not death by discovery."[9] Thus, discovery on the question of whether the parties agreed to arbitrate should be limited.

Plaintiffs argue the discovery they seek is "necessary for the Court's determination of the threshold, dispositive issue of contract formation, …."[10] Defendant seeks to avoid discovery arguing "all arbitration-related discovery should be conducted in arbitration, as the parties intended."[11] Defendant points to the delegation clauses in the agreements noting the Supreme Court has held that when "the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless."[12]

The Supreme Court has held that in cases where the parties have agreed to a contract, "and that contract contains an arbitration clause with a delegation provision, then, absent a successful challenge to the delegation provision, courts must send all arbitrability disputes to arbitration."[13] Defendants argue both requirements are met here that compel all questions of arbitrability to an arbitrator. First, Defendant included a "delegation clause in its HSA Custodial Agreement, as well as in the Terms of Use."[14] And second, Plaintiffs fail to challenge the

---

[9] *Id.*

[10] Reply at 1.

[11] Op. at 2, ECF No. 63.

[12] *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68, 139 S. Ct. 524, 529, 202 L. Ed. 2d 480 (2019).

[13] *Coinbase, Inc. v. Suski*, 602 U.S. 143, 152, 144 S. Ct. 1186, 1194, 218 L. Ed. 2d 615 (2024).

[14] Op at 3.

validity of the delegation clause. Thus, this court "possess no power to decide the arbitrability issue."[15]

The arbitration and delegation clause in Defendant's HSA Custodial Agreement states as follows:

> Member agrees that any claim, dispute or controversy between the Member and the Custodian (or any of their affiliates, successors, assigns, beneficiaries, spouses, directors, agents and employees) and any claim arising from or relating to the subject matter of this Agreement (including but not limited to the relationships which result from this Agreement), no matter against whom made, ***including the applicability of this arbitration clause and the validity of the entire agreement or Arbitration Association***, under the Arbitration Rules in effect at the time the claim is filed.[16]

The arbitration provision in the Terms of Use provides the following:

> YOU AGREE THAT ALL DISPUTES BETWEEN YOU AND US (WHETHER OR NOT SUCH DISPUTE INVOLVES A THIRD PARTY) WITH REGARD TO YOUR RELATIONSHIP WITH US, INCLUDING WITHOUT LIMITATION DISPUTES RELATED TO THESE TERMS OF USE, YOUR USE OF THE WEBSITE, AND/OR RIGHTS OF PRIVACY AND/OR PUBLICITY, WILL BE RESOLVED BY BINDING, INDIVIDUAL ARBITRATION UNDER THE AMERICAN ARBITRATION ASSOCIATION'S RULES FOR ARBITRATION OF CONSUMER-RELATED DISPUTES.[17]

These provisions, according to Defendant, govern the very issue Plaintiffs seek to contest, the applicably or validity of the agreement. And under the Tenth Circuit, "contracting parties' incorporation of the AAA Rules into their arbitration agreement constitutes 'clear and unmistakable evidence of an agreement to arbitrate arbitrability.'"[18]

---

[15] *Schein*, 586 U.S. at 68.

[16] Op. at 3-4 (quoting ECF 53-2 at Art. XV) (emphasis in original).

[17] *Id.* at 4 (quoting ECF 53-4 at 8)

[18] *Goldgroup Res., Inc. v. DynaResource de Mexico, S.A. de C.V.*, 994 F.3d 1181, 1191 (10th Cir. 2021) (quoting *Dish Network LLC v. Ray*, 900 F.3d 1240, 1246 (10th Cir. 2018)); *see also Pagano v. NordicTrack, Inc.*, 749 F. Supp. 3d 1183, 1194 (D. Utah 2024) (considering whether the parties agreed to delegate the arbitrability question to the arbitrator).

The premise of Defendant's position rests on the formation of a contract that includes the delegation clauses. The Tenth Circuit has concluded that "the issue of whether an arbitration agreement is formed in the first instance must be determined by the court, even where there has been a failure to specifically challenge provisions within the agreement delegating certain decisions to an arbitrator."[19] Plaintiffs here challenge the formation of a contract to arbitrate in the first instance and seek discovery surrounding its formation. The question of contract formation arises before the applicability of any delegation clause undermining Defendant's arguments. Not all arbitrability issues can be delegated. And the issue of "whether an arbitration agreement was formed between the parties must always be decided by a court, regardless of whether the alleged agreement contained a delegation clause or whether one of the parties specifically challenged such a clause."[20] Evidence surrounding the formation of the alleged agreement will help the court in making its determination. Plaintiffs may therefore serve limited discovery regarding the issue of contract formation.[21]

---

[19] *Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1100 (10th Cir. 2020).

[20] *Id.* at 1105.

[21] The decision to allow discovery is further supported by the principle that courts "'should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so.'" *Schein*, 586 U.S. at 72 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 1924, 131 L.Ed. 2d 985 (1995)). "'The 'clear and unmistakable' standard is exacting, and the presence of an expansive arbitration clause, without more, will not suffice.'" *Commc'n Workers of Am. v. Avaya, Inc.*, 693 F.3d 1295, 1303 (10th Cir. 2012) (quoting *Peabody Holding Co., LLC v. United Mine Workers of Am., Int's Union*, 665 F.3d 96, 102 (4th Cir. 2012)).

**ORDER**

Finding that the issue of contract formation is contested, the court GRANTS Plaintiff's Motion for Expedited Arbitration-Related Discovery.[22]

IT IS SO ORDERED.

DATED this 18 April 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[22] In opposition, Defendants move for "reciprocal discovery on each of the named Plaintiffs." Op. at 7. The Local Rules provide that a "party may not make a motion, … or a cross-motion in a response or reply." DUCivR 7-1(a)(3). The court declines to address the request made as part of its opposition to Plaintiffs' Motion.